UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| In re:<br>CHARLES H. TADLOCK and<br>MARY E. TADLOCK,<br><br>　　　Debtors-in-Possession.<br>PATRIOT READING ASSOCIATES, LLC,<br>　　　Plaintiff(s),<br>　　v.<br>CHARLES H. TADLOCK and<br>MARY E. TADLOCK,<br>　　　Defendant(s). | BK-S-15-13135-ABL<br><br>Case No. 2:17-CV-2096 JCM<br><br>ORDER |

Presently before the court is a bankruptcy appeal between appellant Patriot Reading Associates, LLC and appellees Charles H. Tadlock, Mary E. Tadlock, and the trustee, "US Trustee." (ECF No. 1).

Also before the court is appellees' motion to dismiss pursuant to Federal Rule of Bankruptcy Procedure 8018(a)(4). (ECF No. 7). Appellant filed a response (ECF No. 17), to which appellees replied (ECF No. 19).

Also before the court is appellant's motion to extend time regarding dispositive matter (ECF No. 15).

On September 1, 2017, this court issued a minute order outlining the briefing schedule for this appeal, which explicitly required the appellant to file an opening brief by September 15, 2017. (ECF No. 6). Appellant did not file its opening brief until September 29, 2017. (ECF No. 11).

On September 28, 2017, appellees moved to dismiss the appeal based on appellant's failure to file its opening brief pursuant to Federal Rule of Bankruptcy Procedure 8018(a)(4):

> If an appellant fails to file a brief on time or within an extended time authorized by the district court or BAP, an appellee may move to dismiss the appeal—or the district court or BAP, after notice, may dismiss the appeal on its own motion. An appellee who fails to file a brief will not be heard at oral argument unless the district court or BAP grants permission.

Appellant argues that its failure to timely file its opening brief is because its counsel was not aware of the minute order outlining the briefing schedule until September 27, 2017. (ECF No. 17). Appellant's counsel assumed that the opening brief was due within 30 days, as provided by FRBP 8018(a)(1), but the minute order specified a 14-day deadline. (ECF Nos. 17, 6). Appellant states that it was unaware of the briefing schedule set forth in the minute order because the court's contact information for appellant's counsel was out of date. (ECF No. 17).

Appellant argues that "[b]ecause the sole basis for the [m]otion to [d]ismiss is [a]ppellant's failure to file its opening brief by September 15, 2017, the [issue] . . . . [is] whether the missed deadline was the result of excusable neglect under the standard of *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253 (9th Cir. 2010). . . ."

Federal Rule of Civil Procedure ("Rule") 6(b)(1)(A) provides that a court may extend a deadline for good cause "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). However, the court may only extend a deadline for good cause "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Thus, if the motion is filed before the deadline the movant seeks to extend, the movant need only show good cause. If the motion is filed after the deadline, however, the movant must show both good cause and excusable neglect. *See id.*

Determining whether neglect is excusable is an equitable one. *See Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395 (1993). In making such a determination, the court should consider "all relevant circumstances surrounding the party's omission." *Id.* The Supreme Court has identified the following, non-exhaustive list of factors a court should consider in determining whether neglect is excusable: (1) the danger of prejudice to the nonmoving party; (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reasons for

the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." *Id.*

The Ninth Circuit has applied this standard in the appeal context. *See Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004). The same court held that under *Pioneer*, there is no per se rule for determining whether neglect is excusable. *Pincay*, 389 F.3d at 859. The court held that "[t]here should similarly be no rigid legal rule against late filings attributable to any particular type of negligence." *Id.* Instead, the Ninth Circuit leaves "the weighing of *Pioneer's* equitable factors to the discretion of the district court in every case." *Id.*

As appellant's counsel acknowledges, the duty to keep the court informed as to any changes in contact information lies with the attorney. *See* Local Rule IA 3-1. Appellant's counsel's failed to do so here. However, after reviewing appellant's motion to extend time and its response to appellees' motion to dismiss, the court holds that appellant has demonstrated excusable neglect, and that the interests of justice favor denying appellees' motion to dismiss. *See Pincay*, 389 F.3d at 859-60. Appellant filed its opening brief two weeks after the deadline set by the minute order and only two days after appellant learned of the minute order. (ECF No. 17). The prompt filing of the opening brief demonstrates that appellant's new counsel made a diligent effort to correct an excusable mistake. Further, appellees are unlikely to have been prejudiced by the brief delay and because the potential impact on the proceedings is minimal, the court will deny appellees' motion to dismiss.

Lastly, as public policy favors disposition of motions on the merits, *see Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("public policy favor[s] disposition of cases on their merits . . ."), the court will deny appellees' motion.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that appellees' motion to dismiss (ECF No. 7) be, and the same hereby, is DENIED.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

IT IS FURTHER ORDERED that appellant's motion to extend time regarding a dispositive matter (ECF No. 15) be, and the same hereby, is DENIED as moot.

DATED June 22, 2018.

_____
UNITED STATES DISTRICT JUDGE