UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| In re:<br><br>CHARLES H. TADLOCK and<br>MARY E. TADLOCK,<br><br>Debtors-in-Possession. | BK-S-15-13135-ABL |
| PATRIOT READING ASSOCIATES, LLC,<br><br>Plaintiff(s),<br><br>v.<br><br>CHARLES H. TADLOCK and<br>MARY E. TADLOCK,<br><br>Defendant(s). | Case No. 2:17-CV-2096 JCM<br><br>ORDER |

Presently before the court is an appeal of a bankruptcy court's order. Appellant Patriot Reading Associates, LLC ("Patriot") filed an opening brief. (ECF No. 11). Appellees Charles Tadlock and Mary Tadlock (the "Tadlocks") filed an answering brief (ECF No. 25), to which Patriot replied (ECF No. 27).

**I.    Background**

This bankruptcy case involves two debtors, the Tadlocks. (ECF No. 11).  Mr. Tadlock, a surgeon, and his wife own significant assets in California and Nevada. *Id*. These assets include two life estates in waterfront properties, a private airplane, Mr. Tadlock's medical practice, trusts, and retirement and pension funds worth roughly $3.6 million. *Id*.

Mr. Tadlock acquired a loan from Patriot in order to lease a premises for his medical practice. *Id*. After many years of the Tadlocks' delinquency, Patriot initiated civil proceedings in

James C. Mahan
U.S. District Judge

Nevada state court against one of the Tadlocks' business entities. *Id*. The state court eventually dismissed the case because the business entity became defunct. *Id*.

After the Nevada state court dismissed Patriot's state court case, the Tadlocks initiated the underlying bankruptcy case on May 29, 2015. *Id*. On July 14, 2017, the bankruptcy court held a core proceeding in which it (1) denied Patriot's motion to dismiss, (2) approved the Tadlocks' fourth amended disclosure statement, and (3) approved the Tadlocks' modified plan of reorganization. (ECF No. 12-1).

On August 1, 2017, Patriot filed a notice of appeal. (ECF No. 1). In its opening brief, Patriot challenges the bankruptcy court's holding in the July 14, 2017, proceeding. (ECF No. 11).

**II. Discussion**

Patriot primarily argues that the bankruptcy court erroneously confirmed the modification plan of reorganization. Patriot's briefs also include various ancillary objections to the bankruptcy court's ruling. The court hereby proceeds to adjudicate these matters in turn.

*a. Modified plan of reorganization*

Patriot argues that the bankruptcy court improperly confirmed the modification plan on three grounds: (1) the debtors did not file adequate disclosures; (2) the modified plan did not reflect the debtor's actual plans for disposition of assets; and (3) the plan was not fair or equitable.

*i. Standard of Review*

District courts review a bankruptcy court's decision to confirm a reorganization plan for an abuse of discretion. *In re Brotby*, 303 B.R. 177, 184 (9th Cir. BAP 2003). "A bankruptcy court abuses its discretion if it applies the law incorrectly or if it rests its decision on a clearly erroneous finding of a material fact." *Id*. The court may affirm the bankruptcy court's decision "on any ground fairly supported by the record." *In re Warren*, 568 F.3d 1113, 1116 (9th Cir. 2009).

*ii. Discussion*

The court hereby addresses Patriot's challenges to the bankruptcy court's ruling in turn.

*1. Adequate disclosure*

Patriot argues that the Tadlocks failed to file a complete and accurate schedule of assets and liabilities because the modified plan did not include the value of the Tadlocks' life estates in

the waterfront properties, one of the properties' rent-free occupancy to the Tadlocks' daughter, the Tadlocks pocketing proceed from the sale of a vehicle belonging to Charles H. Tadlock Limited ("CHT"), the rental value of their private airplane, the dissipation of CHT's assets, and CHT's claims against Bank of America. *See* (ECF No. 11). The court has reviewed the record and does not find that the bankruptcy court abused its discretion.

A Chapter 7 bankruptcy estate is administered by a trustee, who is obligated to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704. Subject to certain exemptions, a "trustee in bankruptcy succeeds to all causes of action held by a debtor at the time a bankruptcy petition is filed." *In re Degenaars*, 261 B.R. 316, 319 (Bankr. M.D. Fla. 2001). In order to enable the trustee to identify the property of the estate under his control, Bankruptcy Code § 521(a)(1)(B)((i) requires the debtor to file schedules of the debtor's assets and liabilities. "The debtor has a duty to prepare schedules carefully, completely, and accurately." *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001); *see also In re Coombs*, 193 B.R. 557 (Bankr. S.D. Cal. 1996).

The bankruptcy court, prior to approving the modified plan, considered Patriot's objections, which were practically identical to the challenges that Patriot now raises on appeal. (ECF No. 12-1). The bankruptcy court explained in a ninety-nine (99) page oral opinion that the Tadlocks properly excluded the assets in dispute because those assets were not part of the bankruptcy estate. *Id*.

Specifically, the bankruptcy court held that the assets in dispute are not part of the estate because (1) the life estates in the waterfront properties were held in the Charles H. Tadlock and Mary E. Tadlock Qualified Personal Residential Trust, which is an irrevocable trust; (2) the airplane is owned by Icarus Air, LLC ("Icarus Air"), which is not a debtor entity; and (3) CHT is also a separate legal entity. *Id*.

The parties have not brought forth evidence showing that the bankruptcy court's factual findings were clearly erroneous. Moreover, "[a]ssets transferred to an irrevocable trust do not become part of a bankruptcy estate unless the transfer or the trust is invalid." *In re Cutter*, 398

**James C. Mahan**
**U.S. District Judge**

B.R. 6 (9th Cir. BAP 2008). Thus, because the underlying record does not show that Tadlocks improperly transferred the waterfront properties into the trust or that the trust is invalid, the bankruptcy court properly allowed the Tadlocks to exclude the waterfront properties and assets related to those properties from their disclosure statement and modified plan.

As for the exclusion of assets belonging to CHT and Icarus Air, the court does not find any reversible error. Corporations and limited liability companies are separate legal entities that are not part of the bankruptcy estate. *In re Micr Toner International, LLC (NEVADA)*, No. 2:16-bk-24024, 2017 WL 766899 at *7 (C.D. Cal. Feb. 24, 2017) (citing *In re O'Brien*, No. 10-52610, 2011 WL 6754095 at *2 (Bankr. D. Conn. 2011). This remains true even when the debtor wholly owns the business entities. *Id*. Thus, the bankruptcy court properly allowed the Tadlocks to exclude the assets belonging to CHT and Icarus Air from their disclosure statement and modified plan.

### *2. Actual plan for disposition of assets*

Patriot argues that the bankruptcy court improperly confirmed the modified plan because it did not disclose what the Tadlocks intended to do with various "revenue-generating assets." (ECF No. 11). Patriot's motion is unclear as to what those revenue-generating assets are. The court assumes that Patriot is referring to the life estates, airplane, and CHT's assets. As the court explained in subsection (b)(ii)(1), the bankruptcy court properly held that these assets were not necessary in order to confirm the modified plan because these assets were not part of the bankruptcy estate. Therefore, the bankruptcy court acted well within its discretion when it confirmed the modified plan.

### *3. Fairness and equity*

Patriot argues that the exclusion of the separate legal entities and the waterfront properties is unfair and inequitable because it prevents the creditors from being able to access those assets. (ECF No. 11). Patriot, however, fails to recognize that its argument does not provide adequate grounds to set aside a valid irrevocable trust or to pierce the corporate veil.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

**b. Ancillary concerns**

Patriot's brief also includes various comments questioning the Tadlock's candor and management of assets. (ECF No. 11). The court is uncertain how these comments relate to Patriot's appeal. Nevertheless, after reviewing the underlying record, the court finds that the bankruptcy court did not commit any reversible error when it held that the Tadlocks' actions do not demonstrate a lack of candor, self-dealing, or gross mismanagement of estate assets.

**III. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADUDGED, and DECREED that the bankruptcy court's order be, and the same hereby is, AFFIRMED.

The clerk is instructed to close the case accordingly.

DATED March 4, 2019.

                                                                    /s/ James C. Mahan
                                                            UNITED STATES DISTRICT JUDGE